IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., ) | |
| a Delaware corporation, et al., ) | Bank. No. 07-10416 (KJC) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | |
| GREGORY J. SCHROEDER, et al., ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | Civ. No. 08-546-SLR |
| ) | |
| NEW CENTURY LIQUIDATING TRUST, ) | |
| et al., ) | |
| ) | |
| Appellees. ) | |

**MEMORANDUM ORDER**

At Wilmington this 26th day of June, 2009, having reviewed appellees' motion for rehearing or, in the alternative, clarification (D.I. 22); appellees' motion for stay pending rehearing or appeal (D.I. 25); and appellees' motion for expedited consideration of its motion for stay (D.I. 27) and the papers submitted in connection therewith;

IT IS ORDERED that the motion for rehearing (D.I. 22) is denied and the motions for stay (D.I. 25) and expedited consideration (D.I. 27) are granted, for the reasons that follow:

1. **Background.** New Century TRS Holdings, Inc., and its affiliated companies (collectively, "debtors"), filed chapter 11 petitions on April 2, 2007. (D.I. 20 at 3)

Debtors filed a joint liquidation plan with the bankruptcy court on April 23, 2008. (*Id.* at 5) Appellants objected to the plan, arguing, *inter alia*, that the plan provided for: (i) substantive consolidation in violation of *In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005); and (ii) disparate treatment of claims within the same class in violation of 11 U.S.C. § 1123(a)(4). (*Id.* at 10) The bankruptcy court overruled appellants' objections and confirmed the plan in July 2008. (*Id.*)

2. Appellants timely appealed and sought a stay pending appeal later that month. (*Id.* at 10-11) On August 1, 2008, while appellants' motion for stay was penidng, the plan became effective. (*Id.* at 11) On August 22, 2008, the bankruptcy court denied the stay but imposed on debtors' successor, the New Century Liquidating Trust (the "liquidating trust"), a duty to provide appellants thirty days written notice of its intent to make distributions on claims in certain classes. (*Id.*)

3. Plan implementation proceeded. (*See id.* at 11-13) Briefing on the appeal (D.I. 1) was complete on February 5, 2009, and briefing on appellees' motion to dismiss (D.I. 13) was complete on February 20, 2009. On June 17, 2009, the court denied appellees' motion to dismiss and reversed the plan confirmation. (D.I. 20, 21) On June 24, 2009, appellees filed the motions under review here.

4. **Standard of review on motion for rehearing.** Rule 8015 of the Federal Rules of Bankruptcy Procedure authorizes motions for rehearing filed within 10 days after the entry of a bankruptcy court judgment. While the Third Circuit has not definitively articulated a standard for when rehearing under Rule 8015 should be granted, at least one court within the Third Circuit (consistent with courts in other

jurisdictions) has adopted the standard used to evaluate motions for reconsideration. *In re Lisanti Foods, Inc.*, 2006 WL 2927619, *4 (D.N.J. October 11, 2006). The court likewise adopts that standard. Accordingly, appellees' motion for hearing should only be granted if: "(1) the court has "patently misunderstood a party;" (2) the court has "made a decision outside the adversarial issues presented . . . by the parties;" (3) the court has "made an error not of reasoning but of apprehension;" or (4) there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (internal quotation marks omitted).

5. **Analysis of motion for rehearing.** Appellees argue that the court should reconsider the motion to dismiss because of events that have transpired since briefing was complete. The court is not persuaded. The court's June 17, 2009 memorandum opinion and order reversed the plan's debtor grouping and disparate intra-class distribution provisions. The liquidating trustee's authority, the settlement of claims, privilege – none of these, so far as the court is aware, need be affected by the relief granted. The post-briefing events that appellees cite are not affected by the relief granted and, thus, have no bearing on whether that relief is inequitable. These post-briefing events, then, do not constitute a "significant change in . . . facts" calling for the court to revisit its equitable mootness determination. The motion for rehearing is denied.[1]

6. **Standard of review on motion for stay.** A party seeking a stay pending

---

[1] It is inefficient to more fully clarify the court's order at this juncture, since the court, as explained hereafter, is granting appellee's motion for stay pending appeal to the Third Circuit. Accordingly, the court declines to squarely address appellees' request for clarification.

3

appeal must prove, by clear and satisfactory evidence, that: (a) it is likely to prevail on the merits of its appeal; (b) it will suffer irreparable injury absent a stay; (c) a stay will not cause substantial harm to other interested parties; and (d) a stay will not harm the public interest. *See Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). Although none of the above factors is determinative, courts rarely exercise their discretion in favor of a moving party who has failed to demonstrate a likelihood of success on the merits or irreparable harm. With respect to the former, a movant must demonstrate that it has "a substantial issue to raise on appeal." *In re Countrywide Home Loans, Inc.*, 387 B.R. 467, 480 (Bankr. W.D. Pa. 2008). With respect to the latter, equitable mootness of an appeal, without more, does not constitute irreparable harm. *See In re Global Home Products LLC*, Civ. No. 06-508-JJF, 2006 WL2381918 (D. Del. Aug. 17, 2006).

7. **Analysis on motion for stay.** The court finds that appellees present two "substantial issues to raise on appeal" to the Third Circuit: (i) how to apply the equitable mootness doctrine in the context of a chapter 11 liquidation; and (ii) how to apply *In re Owens Corning*'s directives on substantive consolidation in cases where debtor aggregation is not accompanied by other typical substantive consolidation features. The court also finds that a stay will not harm appellants, since the relief they ultimately seek – funds from a deferred compensation trust currently in escrow – is unaffected by this appeal. As none of the other stay factors weighs against a stay, the court concludes that a stay of the court's June 17, 2009 order pending appeal to the Third Circuit is appropriate. Accordingly, the motion for stay is granted.

8. **Conclusion.**  For the reasons explained, the court denies appellees' motion for rehearing (D.I. 22) and grants appellees' motions for stay (D.I. 24) and expedited review.  (D.I. 27)

_____
United States District Judge